**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220435-U

Order filed April 19, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| SHERYL ANN MALONEY, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Petitioner-Appellee, | ) | Grundy County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0435 |
| | ) | Circuit No. 22-OP-154 |
| | ) | |
| ANDREW GALATTE, | ) | Honorable |
| | ) | Gary A. Dobbs, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The circuit court erred by allowing inadmissible hearsay testimony to be introduced.

¶ 2        Respondent, Andrew Galatte, appeals from an order of the Grundy County circuit court issuing a stalking no contact order against him. On appeal, respondent argues that the circuit court erred in allowing hearsay testimony to be presented and basing its decision on said hearsay. We agree and vacate the order.

¶ 3                                    I. BACKGROUND

¶ 4          On August 31, 2022, petitioner, Sheryl Ann Maloney, filed a *pro se* petition for an emergency stalking no contact order against respondent under the Stalking No Contact Order Act (740 ILCS 21/1, *et seq.* (West 2022)). The petition alleged that petitioner and respondent had volunteered together at a local food pantry. Petitioner stated that respondent micromanaged her. In one incident, he followed her to her van after a confrontation at the food pantry. Petitioner terminated him from his position at the pantry for his behavior. The petitioner further alleged that while petitioner was out with friends on August 30, respondent arrived at her house and informed her son and husband that he was having petitioner and her house watched. Respondent also told petitioner's husband that he wanted an apology from her and threatened to file a lawsuit.

¶ 5          The same day, the circuit court entered an emergency order prohibiting respondent from stalking and having any contact with petitioner. The order indicated that it was effective until September 21, at which time there would be a hearing. On that date, the court briefly extended the no contact order and continued the hearing to October 20, because respondent had not yet been served.

¶ 6          On October 20, petitioner and respondent appeared at the hearing. Respondent was represented by counsel. The court asked petitioner to explain why she sought a no contact order, to which petitioner responded that it was due to the incident at her house when respondent spoke to her husband. Respondent's counsel objected "to the hearsay nature of [the testimony] if it's being offered for the truth." The court overruled the objection, stating "[h]earsay is allowed in these proceedings."

¶ 7          Petitioner testified regarding the conversation between respondent and her husband. She stated she was not at home at the time the conversation took place. On cross-examination,

petitioner stated that she was not aware of another time respondent had come to her house, except to give her a ride when they were both still working at the food pantry.

¶ 8    Respondent testified that he did go to petitioner's house on August 30, and spoke to her husband. He stated that he wanted an apology from petitioner because of the accusations she made of him stealing from the food pantry. Respondent further testified that he did not threaten petitioner or her family and that he did not say that he was watching the house or petitioner. He repeated that all he wanted was an apology from her. Regarding the incident at petitioner's vehicle, respondent stated he followed her to her vehicle when he learned she was upset. He stated that he apologized and asked her to go back inside with him.

¶ 9    At the conclusion of the hearing, the court entered an order extending the stalking no contact order. In finding that such an extension was necessary, the court stated it was concerned about respondent going to petitioner's house uninvited. It further stated that "the court is the judge of the credibility of the witnesses. I find that [petitioner's] testimony about what was said to her son about videotaping and watching her to be credible. I do not find [respondent's] testimony to be credible." The court referenced the definition of stalking under the Stalking No Contact Order Act (740 ILCS 21/1 *et seq.* (West 2022)) and found that respondent had no reason to go to petitioner's house and the visit met the definition of stalking. It did not indicate that any other incident between petitioner and respondent warranted extension of the stalking no contact order. The court's order extended the order for two years, to end on October 18, 2024. Respondent appeals.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, respondent contends that the court erred in allowing petitioner to present hearsay testimony. Specifically, he argues that the petitioner's testimony that respondent came to

3

her house and told her husband and son that he was watching her constituted inadmissible hearsay that should not have been admitted. Further, without this testimony, respondent argues that petitioner failed to meet her burden of proof as the alleged incident at her house was the only incident upon which the court based its judgment.

¶ 12    Initially, we note that petitioner has not filed an appellee's brief. In the absence of an appellee's brief, this court may reverse the ruling of the circuit court where the appellant demonstrates reversible error supported by the record. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ill. R. Evid. 801(c) (eff. Oct. 15, 2015). It is inadmissible unless it falls under an exception to the rule. Ill. R. Evid. 802 (eff. Jan. 1, 2011). Clearly, any conversation that may have occurred between respondent and petitioner's husband and son constituted hearsay. Neither husband nor son were present at the court hearing, and the only person to testify to those statements was petitioner, who was not present for the conversation. The statements petitioner testified to were offered for the truth therein contained. Further, the court stated that it believed petitioner regarding what transpired and based its ruling on those statements. Therefore, we must determine whether any exception exists that would render these statements admissible.

¶ 14    Petitioner received a no contact order under the Stalking No Contact Order Act (740 ILCS 21/1 *et seq.* (West 2022)). The Act provides that "[a]ny proceeding to obtain, modify, reopen or appeal a stalking no contact order shall be governed by the rules of civil procedure of this State. *** The Code of Civil Procedure and Supreme Court and local court rules applicable to civil proceedings shall apply, except as otherwise provided by this Act." 740 ILCS 21/30(a)

(West 2022). Thus, unless another provision of the Act provides otherwise, the rules regarding hearsay shall apply to stalking no contact proceedings.

¶ 15    We find no provision of the Act that allows for this manner of hearsay testimony to be accepted in this proceeding. Moreover, there is no exception under the Illinois Rules of Evidence, the Code of Civil Procedure, or supreme court or local rule that would apply in this instance. Because no exception exists, either by supreme court rule or statutorily, the court erred in allowing such testimony to be heard.

¶ 16    Respondent further argues that the evidence presented was insufficient to support the entry of a plenary stalking no contact order. The standard of proof in proceedings concerning stalking no contact orders is proof by a preponderance of the evidence. 740 ILCS 21/30(a) (West 2022). The circuit court's determination that petitioner showed by a preponderance of the evidence a violation of the Act occurred will not be overturned unless such a determination is against the manifest weight of the evidence. See *Nicholson v. Wilson*, 2013 IL App (3d) 110517, ¶ 22. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id.*; see also *Harris Trust & Savings Bank v. Village of Barrington Hills*, 133 Ill. 2d 146, 156–57 (1989).

¶ 17    For petitioner to prevail on her petition for a plenary order, she was required to prove by a preponderance of the evidence that respondent was stalking her. 740 ILCS 21/5, 30(a) (West 2022). " 'Stalking' " is defined under the Act to mean "engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety or the safety of a third person or suffer emotional distress." 740 ILCS 21/10 (West 2022). A " '[c]ourse of conduct' " is defined, in relevant part, as

5

"2 or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means, * * * threatens, or communicates to or about, a person, [or] engages in other contact." 740 ILCS 21/10 (West 2022).

¶ 18    Here, the evidence does not establish that on at least two occasions respondent engaged in any actions that would constitute stalking, and the court's decision to grant the plenary stalking no contact order was contrary to the manifest weight of the evidence. Petitioner presented no admissible evidence at the hearing on her petition to warrant such an order. Rather, the only evidence upon which the court based its judgment was the hearsay testimony that we have already determined was inadmissible. *Supra* ¶ 15. There was no other act upon which the court based its judgment. While the court took care to review the definition of stalking when making its decision, it overlooked the fact that stalking is "a course of conduct, not a single act." 740 ILCS 21/5 (West 2022). The court must find at least two acts of stalking to establish a course of conduct under the Act, and it only made a finding as to one act that was based on improper evidence. Therefore, the court's entry of a plenary stalking no contact order was unnecessary, unreasonable, and not based on the evidence properly presented. See *Nicholson*, 2013 IL App (3d) 110517 ¶ 22.

¶ 19    Because we find that the circuit court's decision was contrary to the manifest weight of the evidence, we reverse that judgment and vacate the two-year plenary stalking no contact order against respondent. See *Piester v. Escobar*, 2015 IL App (3d) 140457, ¶ 12.

¶ 20                                III. CONCLUSION

¶ 21    The judgment of the circuit court of Grundy County is vacated.

¶ 22    Judgment vacated.